IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEONTE OZ ANDERSON,

    Plaintiff,

v.

GREGORY VANRYBROOK,
KEVIN LAETSCH,
MEL CHRISTIANSEN,
RANDY PARKS, and
SAMPE L.N.U,

    Defendants.

OPINION AND ORDER

No. 18-cv-715-wmc

On June 28, 2019, the court granted plaintiff Deonte Anderson, a patient at the Mendota Mental Health Institute ("Mendota"), leave to proceed on a Fourteenth Amendment excessive force claim against defendant Sampe. The court denied Anderson leave to proceed against proposed defendants Gregory VanRybrook, Kevin Laetsch, Mel Christiansen and Randy Parks, who were each involved in handling Anderson's subsequent grievance about Sampe's alleged attack. (6/28/19 Order (dkt. #6) at 4.) Now before the court is Anderson's motion for reconsideration (dkt. #12), which will be denied.

Anderson's motion asks for reinstatement of defendants Christiansen and Parks because they punished him by sending him to the "hole," presumably restrictive housing. However, Anderson does not relate this alleged punishment to Sampe's alleged attack or provide any details about how long he was in restrictive housing or the conditions of that status. More importantly, Anderson's *complaint* does not include any allegations about being punished for this incident. Accordingly, the motion for reconsideration will be denied. If Anderson wants to pursue a Fourteenth Amendment Due Process Clause claim related to Christiansen's and Park's alleged decision to place him in the hole, he must

1

file a motion seeking to proceed on an amended complaint, and he should submit his proposed amended complaint with that motion for the court to screen as required by § 1915(e)(2).

In considering whether to take this step, Anderson should consider that "[d]isciplinary measures that do not substantially worsen the conditions of a lawfully confined person are not actionable under the due process clause . . . regardless of whether the confinement is criminal or civil." *Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011) (citations omitted). In the Seventh Circuit, "a liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). Courts in this circuit have generally concluded that short-term placements in segregation -- typically less than six months -- do not involve a liberty interest. Longer periods of segregation *do* require inquiry into the conditions to determine if they impose an "atypical, significant" hardship. *Id.* at 697 (citing *Wilkinson v. Austin*, 545 U.S. 209, 214, 224 (2005) (prisoners' liberty interests implicated when placed in segregation depriving them of virtually all sensory stimuli or human contact for an indefinite period of time)). Thus, if Anderson spent less than 90 days in segregation-like conditions, it is unlikely that he will be able to state a claim against Parks or Christiansen.

ORDER

IT IS ORDERED that plaintiff Deonte Anderson's motion for reconsideration (dkt. #12) is DENIED.

Entered this 19th day of August, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge